UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:09-CR-11 |
| | ) | JUDGE JORDAN |
| LARRY PRICE | ) | |

## AGREED ORDER OF REVOCATION

A Petition for Revocation of Supervised Release has been filed against the defendant, Larry Price, and the defendant admits that he has violated certain conditions of his supervised release. An agreement has been reached between the parties, recommending that Mr. Price's supervised release should be revoked and that he should receive a sentence of four (4) months of incarceration followed by two (2) years of supervised release, with the condition that he serve up to six (6) months at the halfway house, SECOR, located in Lebanon, Virginia. All other terms and conditions of supervision shall remain the same.

Mr. Price agrees to waive his right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waive his right to allocute at a revocation hearing, and asks that the agreement of the defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence. In doing so, the defendant acknowledges that he is giving up the following rights:

(1) The right to the assistance of counsel for his defense.

(2) The right to see and hear all the witnesses and have them cross-examined in his defense.

(3) The right on his own part not to testify unless he chose to do so in his defense, and

(4) The right to the issuance of subpoenas to compel the attendance of witnesses to testify on his behalf.

Mr. Price stipulates to the following violations that can be proven by the government by a preponderance of the evidence:

(1) **Standard Condition No.8**: The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

(2) **Standard Condition No. 9**: The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

(3) **General Condition**: The defendant shall refrain from any unlawful use of a controlled substance.

On November 6, 2013, Mr. Price submitted a urine sample which tested presumptively positive for marijuana. He admitted the usage and noted he had been with individuals whom he normally did not associate with and had smoked marijuana with them.

On November 12, 2013, the Court was advised of the above information. At that time, Mr. Price indicated he wanted to speak to a counselor. The probation officer referred him to a substance abuse counselor for follow-up discussions and continued him of the urine screen Code-A-Phone. The Court approved the officer's plan.

On January 13, 2014, Mr. Price submitted a urine sample which tested presumptively positive for marijuana. He admitted the usage and noted he last used on December 19, 2013.

On February 21, 2014, Mr. Price submitted a urine sample which tested presumptively positive for marijuana. He admitted the usage and noted he last used on January 31, 2013.

On April 1, 2014, the Court was advised of the latest positive drug screens and admitted marijuana usage. As a result of his continued use of an illicit substance, the probation officer increased the frequency of his counseling and continued to monitor the results of his urine drug tests via the Code-A-Phone. Further, the probation officer recommended the offender continue in treatment with the understanding that any further positive urine tests would result in a request for a warrant. The Court approved the officer's plan.

On July 23 and August 1, 2014, Mr. Price submitted urine samples which tested presumptively positive for marijuana. He admitted the usage and asserted both positive samples resulted from drug usage during the weekend of July 19, 2014. On September 8, 2014, Mr. Price submitted a urine sample which tested presumptively positive for marijuana. He admitted the usage and noted he last used on September 7, 2014.

The Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The violations above constitute Grade C violations for which an advisory guideline range of 5 to 11 months would apply given his Criminal History Category III. The Court has considered these advisory guideline ranges. The Court has also considered the statutory maximum of thirty-six (36) months imprisonment. The Court has also considered the factors listed in 18 U.S.C. §3553(a).

The Court concludes that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. §3553(a). Specifically, the Court finds that the defendant has admitted that the proof could establish by a preponderance of the evidence that he committed the violations alleged in the petition for warrant for offender under supervision.

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary to accomplish the purposes set forth in 18 U.S.C. §3553(a) while taking into consideration all of those factors and the Chapter Seven policy statements. IT IS HEREBY ORDERED, therefore, that the defendant's supervised release is hereby revoked. The defendant is hereby sentenced to four (4) months of incarceration followed by two (2) years of supervised release, with the condition that he serve up to six (6) months at the halfway house SECOR, located in Lebanon, Virginia. All other terms and conditions of supervision shall remain the same.

_____
Honorable R. Leon Jordan
United States District Judge

3

APPROVED FOR ENTRY:

_____  _____
Robert M. Reeves            Larry Price
Assistant U.S. Attorney     Defendant

_____  _____
Paul R. Harris              Nikki C. Pierce
U.S. Probation Officer      Attorney for Defendant

4